UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN D. HODGSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
                               /

Case No. 2:18-cv-12285

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [14],
ADOPTING REPORT AND RECOMMENDATION [13],
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11],
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12]**

      The Commissioner of the Social Security Administration ("SSA") denied Ryan D. Hodgson's ("Hodgson") application for supplemental security income and disability insurance benefits in a decision issued by an Administrative Law Judge ("ALJ"). ECF 7-2, PgID 43–51. After the SSA Appeals Council declined to review the ruling, Hodgson appealed. ECF 1. The Court referred the matter to Magistrate Judge Anthony P. Patti and the parties filed cross-motions for summary judgment. ECF 2, 11, 12. The magistrate judge issued a Report and Recommendation ("Report") advising the Court to deny Hodgson's motion and grant the Commissioner's motion. ECF 13. Hodgson timely objected to the Report. ECF 14. After examining the record and considering Hodgson's objections de novo, the Court now concludes that his arguments lack merit. The Court will therefore overrule Hodgson's objections, adopt

the Report's findings, deny Hodgson's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

**BACKGROUND**

The Report properly details the events giving rise to Hodgson's action against the Commissioner. ECF 13, PgID 559–61, 563. The Court will adopt that portion of the Report.

**LEGAL STANDARD**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends on whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Individuals who receive an adverse final decision from the Commissioner may appeal the decision to a federal district court. 42 U.S.C. § 405(g). When reviewing a case under § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [the evidence] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in his decision. *Loral Def. Sys.–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (internal quotations and citation omitted) (alteration omitted).

## DISCUSSION

Hodgson raises two objections. The Court will address each in turn.

I. <u>Objection 1</u>

First, Hodgson objects to the magistrate judge's finding "that the ALJ's decision was supported by substantial evidence." ECF 14, PgID 583. Hodgson provides his own assessment of why he cannot work. *Id.* at 583–85. But Hodgson does not contest the magistrate judge's findings. Instead, he restates the same arguments he made to the ALJ, *id.*, and in his motion for summary judgment, ECF 11, PgID 523–25. He contends that "SSA regulations were not followed," but does not cite any specific regulations. ECF 14, PgID 583. Non-specific objections to a magistrate judge's report and recommendation are improper and do not require de novo review. *See Jidas v. Comm'r of Soc. Sec.*, No. 17-cv-14198, 2019 WL 1306172, at *1–2 (E.D. Mich. Mar. 22, 2019). The Court therefore need not review Hodgson's first objection de novo.

3

Moreover, the magistrate judge was correct in determining the ALJ's finding that Hodgson was not disabled was supported by substantial evidence. An ALJ must defer to a treating physician's medical opinion or "provide good reason for refusing to defer to the opinion." *Turner v Comm'r of Soc. Sec.*, 381 F. App'x 488, 492 (6th Cir. 2010) (citations omitted). But "a treating physician's opinion is only entitled to such special attention and deference when it is a *medical opinion*." *Id.* 492–93 (citations omitted) (emphasis in original). When, instead, a treating physician "submits an opinion on an issue reserved to the Commissioner—such as whether the claimant is 'disabled' or 'unable to work'—the opinion is not entitled to any particular weight." *Id.* at 493 (citations omitted).

The only evidence in the record to support a finding here that Hodgson was disabled is a report from his treating physician, Dr. Leon Rubenfaer, M.D. ECF 7-7, PgID 430–31. Dr. Rubenfaer found that Hodgson lacks the ability "to understand, remember, and carry out simple instructions;" to "make judgments that are commensurate with the functions of unskilled work;" to "respond appropriately to supervision;" and to "deal with changes in a routine work setting." *Id.* Hodgson's testimony, however, directly contradicted Dr. Rubenfaer's conclusions. Hodgson testified that he lives with his two children, gets them up and ready for school, and then drives them to school every morning. ECF 7-2, PgID 61–62, 71. He also testified that he does not require anyone to care for him, dress, or feed him, that he cooks dinner for his children, plays games with them, and goes to the gym. *Id.* at 72–74.

With his own testimony, Hodgson contradicted Dr. Rubenfaer's assessment, and provided the ALJ good reason to discredit Dr. Rubenfaer's conclusions.

Dr. Rubenfaer also opined that Hodgson was "totally [and] permanently disabled." ECF 7-7, PgID 431. Dr. Rubenfaer's opinion is not a medical opinion, and therefore "is not entitled to any particular weight." *Turner*, F. App'x at 493. Further, Dr. Barbra Jones Smith, Ph.D., and Dr. David A. Harley, Ph.D., disagreed with Dr. Rubenfaer, and determined that Hodgson was "not disabled." ECF 7-3, PgID 108, 129.

Given that physicians dispute whether Plaintiff is disabled and that Hodgson's own testimony contradicts his treating physician's assessment, even if Hodgson had properly objected to the Report, the Court would still find that the magistrate judge did not err when he found that the ALJ's decision was supported by substantial evidence. The Court will overrule Hodgson's first objection.

## II. Objection II

Second, Hodgson contends that the magistrate judge "erred when he determined that the ALJ properly evaluated and considered the side effects of Plaintiff's many medications." ECF 14, PgID 585. Hodgson's second objection is merely a rehashing of arguments he already presented in his motion for summary judgment, *compare* ECF 11, PgID 527–30 *with* ECF 14, PgID 585–87; those were thoroughly addressed and properly rejected in the Report. *See Bentley v. Colvin*, No. 16-11314, 2017 WL 3768941, at *2 (E.D. Mich. Aug. 31, 2017) (finding that the plaintiff's "challenge [was] not a proper objection to the Report and Recommendation, as required by Fed. R. Civ. P. 72(b), because it merely rehashe[d] [the plaintiff's]

5

arguments.") (citing *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008)). The Court is, therefore, not obligated to address Hodgson's second objection. *Markgraff v. Comm'r of Soc. Sec.*, No. 17-cv-10511, 2018 WL 654838 at *2 (E.D. Mich. Jan. 31. 2018) (citing *Owens v. Comm'r of Soc. Sec.*, No 12-cv-47 2013 WL 1304470 (W.D. Mich. Mar. 28, 2013)).

Regardless, Hodgson is incorrect. The Report properly analyzed the ALJ's evaluation of the side effects of Plaintiff's medication. The Court must affirm the Commissioner's decision when it "is supported by substantial evidence . . . even if the record might support a contrary conclusion." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (internal citation omitted). When evaluating a disability claim, one of the factors an ALJ must consider is "[t]he type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." SSR 16-3p, 2017 WL 5180304 at *8 (Oct. 25, 2017).[1]

And the ALJ acknowledged that Hodgson complained of side effects from his medication, but found that Hodgson also reported improvement while on Xanax in 2012 and 2015. ECF 7-2, PgID 48. Specifically, Hodgson told Dr. Rubenfaer in November 2015 that he was feeling better while he took Xanax and Wellbutrin. *Id.*; *see also* ECF 7-7, PgID 422.

---

[1] The Report informed Hodgson and his counsel that SSR 96-7p was superseded in March 2016 by SSR 16-3p. ECF 13, PgID 571 n.3. Hodgson and his counsel, however, seem to ignore that fact.

6

There is also evidence that the ALJ addressed Plaintiff's utilization of Xanax and marijuana and their side effects. *See* ECF 7-2, PgID 48, 69–70. Hodgson's contention that "[n]owhere in the ALJ's decision does she address Plaintiff's utilization of Xanax and marijuana as well as the side effects the utilization of these medications would have on his ability to work," ECF 14, PgID 586, is incorrect.[2] The magistrate judge's determination that the ALJ properly evaluated and considered the side effects of Hodgson's medication is supported by substantial evidence.

Finally, the magistrate judge did not err when he upheld the ALJ's credibility determination regarding Hodgson's failure to pursue his regular medical treatment on two occasions. ECF 14, PgID 586–87. Hodgson did not present any evidence that his impairments prevent him from seeking consistent treatment. In fact, he testified that counseling helps. ECF 7-2, PgID 81. Because Hodgson failed to present any evidence that his impairments "actually prevented [him] from seeking counseling, the ALJ did not err when" she ruled that "[t]he fact that the claimant failed to attend multiple appointments for therapy tends to undermine the severity of his impairments." *Harris v. Comm'r of Soc. Sec.*, No. 14-cv-14508, 2015 WL 7307972 at *4 (E.D. Mich. Nov. 20, 2015); ECF 7-2, PgID 49. The Court will overrule Hodgson's second objection.

---

[2] The ALJ also found that Hodgson "uses medical marijuana . . . but there is nothing in the record to show that [it] was prescribed by a physician." ECF 7-2, PgID 48.

7

## CONCLUSION

The Court has carefully reviewed the parties' motions, the Report, and Hodgson's objections. The Court finds Hodgson's objections meritless and agrees with the Report's recommendation to grant the Commissioner's motion for summary judgment and deny Hodgson's motion for summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Hodgson's Objections [14] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [13] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Hodgson's Motion for Summary Judgment [11] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [12] is **GRANTED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 23, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2019, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager